KONENKAMP, Justice
(concurring in result).
[¶ 30.] This lawsuit raises the question of a landlord’s duty to protect neighbor children from the injurious acts of tenant children. For reasons of public policy, and *631 under the particular facts of this case, that duty should be circumscribed.
[¶ 31.] Considering the evidence in a light most favorable to the nonmoving party, as the law requires, the record shows that the landlord knew his tenants’ twelve-year-old child had been throwing rocks. “A couple of weeks before the incident,” the landlord had intercepted the child and told him to stop when the child was throwing a rock toward the landlord’s house. And, based on other information the landlord had, a fair inference can be drawn that he knew neighbor children were endangered. Indeed, plaintiff father had seen the tenants’ child throwing rocks twice and told the landlord both times. On another occasion, the tenants’ child was seen hoisting a large chunk of concrete near where other children were playing. Recognizing the obvious danger, an adult told him to put the concrete down. Again, the landlord was informed, and, at that point, he decided to remove the landscape rocks from his property and the tenants’ property. Within a few days, he bought a skid loader to perform the job. Three weeks later, however, with the landscape rocks unremoved, the tenants’ child picked up a rock from the landscaping material in the tenants’ yard and chased the child victim. She ran. But when she turned to see if he had gone, he hit her in the head with the two-pound, softball-sized rock, causing unconsciousness and serious cranial injury.
[¶ 32.] Plaintiffs assert, among other things, that the landlord was negligent in his duty to prevent the tenants’ child from injuring the neighbor child by “intentional or criminal conduct that [the landlord] knew of or could expect to occur at his residence and rental property.” We must decide what duty the landlord had in these circumstances. “A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another.” W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 53, at 356 (5th ed.1984). Negligence “is conduct which falls below the standard established by law for the protection of others against unreasonable risk.” Id. § 43, at 280; see also SDCL 20-9-1. Courts decide the existence of a duty because it is “ ‘entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law....’” Tipton v. Town of Tabor, 1997 S.D. 96, ¶ 11, 567 N.W.2d 351, 357 (quoting W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 37, at 236 (5th ed.1984)) (additional citations omitted).
1. Control of the Premises
[¶ 33.] The rock used in this incident came from the tenants’ yard. Our Court rules today that the landlord parted with full possession and control of this part of the rental premises. Yet his possession of the premises, generally, is not at issue. Rather, the question is whether the landlord retained control of the landscaping rock appurtenant to the tenants’ premises. Viewing the evidence in a light most favorable to the plaintiffs, the landlord retained control of the landscaping rock. He, not the tenants, announced an intention to remove it and then took action by obtaining a skid loader. By implication, the landlord’s undertaking to remove the rock negates a conclusion that he parted with full control of this area. Thus, we must take a step further to determine the question of duty.
2. Foreseeability of Injury
[¶ 34.] We have often said that whether a duty exists in tort “depends on the *632 foreseeability of injury.”[7] See Mark, Inc. v. Maguire Ins. Agency, Inc., 518 N.W.2d 227, 229-30 (S.D.1994) (citation omitted). The test is purely prospective. Deciding foreseeability is not a function of predicting the past, for hindsight is not the standard. In determining whether something was foreseeable, we do not ask what actually happened, but what a reasonable person would have foreseen as likely to happen. Leon Green, Foreseeability in Negligence Law, 61 Colum. L.Rev. 1401, 1417 (1961); Ballard v. Uribe, 41 Cal.3d 564, 224 Cal.Rptr. 664, 715 P.2d 624, 628 n. 6 (1986). Here, the landlord knew from personal knowledge and neighbor complaints that his tenants’ twelve-year-old child had a proclivity for throwing rocks around the tenancy where other children were playing. That noxious and unrestrained behavior certainly portended likely personal injury. And the landscaping materials on the tenancy made rocks readily available. Thus, contrary to the Court’s holding, it must be concluded that this injury was foreseeable. Indeed, the landlord’s decision to remove the rocks in reaction to complaints illustrates his anticipation of potential injury and only bolsters the case for foreseeability. But foreseeability forms only part of the duty analysis. Public policy also plays a “major” role in deciding questions of duty. Kirlin v. Halverson, 2008 S.D. 107, ¶ 52, 758 N.W.2d 436, 453 (citation omitted).
3. Role of Public Policy
[¶ 35.] “No better general statement can be made than that the courts will find a duty where, in general, reasonable persons would recognize it and agree that it exists.” W. Page Keeton, et al., Prosser & Keeton on the Law of Torts § 53, at 359 (5th ed.1984). Would reasonable persons recognize a duty on the landlord here to protect a neighbor child? The Restatement of Torts, as a quasi codification of common law tort duties, seems inadequate to this particular question. Plaintiffs also cite as helpful authority Smith ex rel. Ross v. Lagow Construction & Developing Co., 2002 S.D. 37, 642 N.W.2d 187. But that case is inapposite because it dealt with a landlord’s duty to protect a tenant from a criminal attack in circumstances where the landlord controlled an instrumentality for the tenant’s safety, a door lock. Conversely, here we are dealing with the question of a duty to protect a neighbor child from a tenant child. Plaintiffs also ask us to hold the landlord to a higher duty of care by abolishing the common law distinction between licensees and invitees. But, as the Court points out, the evidence is hardly clear on the victim’s location and her legal status when she was struck by the rock while playing somewhere in the common backyards.
[¶ 36.] What makes the duty question troublesome here is that the landlord is being sued for negligently failing to protect a neighbor child from a risk the landlord did not create. In these atypical circumstances, absent controlling authority, courts examine several public policy factors, including “the closeness of the connection between the defendant’s conduct and the injury suffered, the moral blame attached to the defendant’s conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of impos *633 ing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.” Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, 564 (1968) (citing W. Page Keeton, et al., Prosser & Keeton on the Law of Torts (3d ed.1964); 2 Harper and James, The Law of Torts at 1052, 1435 (1956)). Five of these elements — nexus of conduct and injury, moral blame, deterrence, burden, and consequences on the community — advise against judicial recognition of an affirmative duty on the landlord.
[¶ 37.] Nothing about ordinary rocks as landscape material suggests an unreasonably dangerous condition.[8] Numerous homes and businesses have landscapes adorned with stone and rock in diverse sizes and shapes. It was only the tenants’ child who made the landscaping rocks dangerous here. If children want to throw rocks, or similar objects, it would be extremely difficult to remove every means to prevent such mischief. Rocks are often a natural aspect of the terrain, even when not part of a designed landscape. If landlords of single-family residences must bear a duty to prevent injury to children caused by rock-throwing tenant children, there would be little way of knowing specifically all that might be required to fulfill that duty. And, for children plainly intent on harming other children, removing rocks from a tenancy would hardly present an obstacle to such intent. Maintaining landscape rock on one’s property holds little nexus to the injury here.
[¶ 38.] As for moral blame, landscaping with rock bears no discernible moral culpability, and the notion that landscaping this way should be deterred is meaningless. On the burden question, liability on landlords and landowners for the misuse of their landscaping rock by mischievous children could be substantial. And the consequences on the community of imposing such a duty may well be detrimental, especially if greater accountability for child misbehavior were to shift to landlords and away from parents.[9] In some instances, of course, a landlord’s superior knowledge of a tenant’s dangerousness might give rise to a duty to protect, or at least to warn, those who might come in contact with the tenant. But that is not our case. All these considerations suggest that reasonable persons would not recognize a duty here under the facts most favorable to plaintiffs. Indeed, to impose a duty in these circumstances would create a baneful extension of tort liability, tending to make landlords insurers of the safety of persons harmed by the injurious acts of their tenants’ children.[10]
*634 [¶ 39.] Corollary legislative enactments also will not support finding a duty on the landlord. When it comes to personal injury caused by a minor’s “malicious and willful” acts, our Legislature has strictly limited the financial responsibility of the minor’s parents to $2,500 plus taxable court costs. SDCL 25-5-15. Although no one here characterizes the tenant child’s act as both “malicious and willful,” if parental liability for these acts is legislatively so limited, how can we say that South Dakota’s public policy requires that landlords should bear greater accountability than the parents for a tenant child’s intentional acts?
4. Assumption of Duty
[¶ 40.] On the other hand, even though a duty may not exist in law, a duty can be voluntarily assumed, and once assumed, a person must exercise reasonable care in the performance of that duty. Did the landlord assume a duty to protect neighbor children from his tenants’ rock-throwing child when he said he would remove the landscape rock? The backyards held by the tenants, the injured child’s parents, and the landlord were apparently all used as a common play area for the children. In fact, the landlord’s yard had a swing set the children were allowed to use. Plaintiffs assert that the landlord “recognized a danger and took initial steps to remedy it, but then failed to follow through on his promise.” In Andrushchenko v. Silchuk, 2008 S.D. 8, ¶ 24, 744 N.W.2d 850, 858, we dealt with the gratuitous duty rule as defined in Restatement (Second) of Torts, § 323 (1965):
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other’s reliance upon the undertaking.
[¶41.] As in Silchuk, the facts here taken in a light most favorable to plaintiffs “do not support the implied or express undertaking of a gratuitous duty to” protect a neighbor child. See 2008 S.D. 8, ¶ 24, 744 N.W.2d at 858-59. The landlord’s failure to remove the rocks did not increase the risk of harm; that is, it did not make the situation worse than it had been. A condition not intrinsically dangerous does not become dangerous simply because the landlord had agreed to remove it. And plaintiffs do not assert that they relied on the landlord’s promise as a means to protect their child. Indeed, the injured child’s parents well knew of the tenant child’s rock-throwing habits.
[¶ 42.] In these circumstances, the landlord had no legal duty to protect the neighbor child from his tenants’ rock-throwing child.

. We deal here with foreseeability in the duty sense, a question of law, which focuses on whether the landlord should have acted to reduce the probability of the tenant child striking a neighbor child with a rock. Once a duty is found, the fact finder would then use foreseeability in the causation sense to decide whether the landlord's duty-required measures would have prevented the incident that gave rise to the injury.

.Restatement (Second) of Torts § 360(1965), dealing with a landlord's liability for a "dangerous condition upon that part of the land retained in the lessor's control,” would not apply here because the condition of the property itself was not dangerous. See also Restatement (Second) of Property: Landlord & Tenant § 17.3 (1977) (almost identical provision). Contrast our case with Ruiz v. Victory Props., LLC, 135 Conn.App. 119, 43 A.3d 186 (2012), where the defendant landlord’s apartment building had a yard strewn with trash, rocks, and broken pieces of concrete. A ten-year-old child carried a large rock from the yard and threw it from a third-story window, injuring another child. There, the court found a violation of the duty of care because the landlord failed to maintain a safe common area on the premises. Id. at 194.

. "In contrast to tort standards, public nuisance doctrine may create broad landlord liability for tenants’ illegal activities. Nuisance doctrines, both public and private, encompass a broad range of activities!.]” B.A. Glesner, Landlords as Cops: Tort, Nuisance & Forfeiture Standards Imposing Liability on Landlords for Crime on the Premises, 42 Case W. Res. L.Rev. 679, 716 (Summer 1992).

. Compare our case with the facts in Mayer v. Housing Authority of Jersey City, 84 N.J.Super. 411, 202 A.2d 439 (App.Div.1964), aff'd *634 by per curiam, 44 N.J. 567, 210 A.2d 617 (1965). A child was hit in the eye with a rock thrown by another unknown child on a playground at the landlord's housing project. There, the opinion rested liability not on foreseeability, but on the duty prong. And the court imposed liability, not because of the presence of stones on the playground, but because the defendant, knowing that children were in the habit of throwing stones, failed to take reasonable precautions (hiring playground supervisors) to prevent stone throwing.